UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS,

          Petitioner,

   v.

UNITED STATES OF AMERICA et al.,

          Respondents.

Case No. C21-1186-RAJ-SKV

REPORT AND RECOMMENDATION

Petitioner John Demos, a bar-order litigant, presents to this Court for filing a "Motion of Protest." Dkt. 1. Petitioner has not applied to proceed *in forma pauperis* (IFP) and has not paid the filing fee, meaning his proposed action is improperly before the Court.

Even if Petitioner had applied to proceed IFP, however, his application would be denied because Petitioner is permitted to submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, No. C91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Petitioner has already reached this yearly limit. *See, e.g.*, *Demos v. Pence, et al.*, No. C21-109-BHS (W.D. Wash.); *Demos v. Dominion Voting Systems, et al.*, No. C21-110-RAJ (W.D.

REPORT AND RECOMMENDATION - 1

Wash.); *Demos v. Holbrook, et al.*, No. C21-217-RJB (W.D. Wash.).  He is therefore precluded from proceeding IFP in this action.

Further, even if Petitioner had paid the filing fee, this action would still be subject to dismissal.  This case was opened as a federal habeas action under 28 U.S.C. § 2241.  It is not clear why the case was construed in this manner, but the claims Petitioner appears to assert and the relief he requests do not fall within the scope of § 2241.  Section 2241 generally provides a mechanism for individuals in custody to challenge the lawfulness of their federal detention.  *See* 28 U.S.C. § 2241(c).  Petitioner is in custody pursuant to a state court judgment and the only habeas remedy available to a state prisoner is that afforded by 28 U.S.C. § 2254.  *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc).  Moreover, Petitioner does not challenge his confinement.  Instead, he challenges the apportionment of legislators in certain U.S. jurisdictions.  *See* Dkt. 1.  Claims of this nature are improperly raised under § 2241.

Based on the foregoing, this Court recommends that this action be DISMISSED without prejudice.  Petitioner may not proceed with a second or successive habeas petition here unless and until the Ninth Circuit authorizes its filing.  *See* 28 U.S.C. § 2244(b)(3)(A).  A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed

REPORT AND RECOMMENDATION - 2

within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 24, 2021.**

    Dated this 1st day of September, 2021.

                                                    S. KATE VAUGHAN
                                                  United States Magistrate Judge

REPORT AND RECOMMENDATION - 3